1  BILAL A. ESSAYLI
   First Assistant United States Attorney
2  ALEXANDER B. SCHWAB
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   CHRISTOPHER R. JONES (Cal. Bar No. 343374)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-7383
7       Facsimile: (213) 894-0141
        E-mail:   christopher.jones4@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11                 UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

   UNITED STATES OF AMERICA,            No. CR    2:25-mj-06838-DUTY
13
              Plaintiff,                GOVERNMENT'S NOTICE OF REQUEST FOR
14                                       DETENTION
                   v.
15
   WENBIN LIN,
16
              Defendant.
17

18

19       Plaintiff, United States of America, by and through its counsel

20  of record, hereby requests detention of defendant and gives notice of

21  the following material factors:

22  ☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the

23           following grounds:

24     ☐  a.    present offense committed while defendant was on release

25              pending (felony trial),

26     ☐  b.    defendant is an alien not lawfully admitted for

27              permanent residence; and

28

☐    c.    defendant may flee; or

☐    d.    pose a danger to another or the community.

☒ 2.    Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

     ☒    a.    the appearance of the defendant as required;

     ☐    b.    safety of any other person and the community.

☐ 3.    Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

     ☐    a.    defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

     ☐    b.    defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐ 4.    Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

     ☐    a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

     ☐    b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

     ☐    c.    offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

    ☐  d.   defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒  5.   Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

    ☐  a.   a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

    ☐  b.   an offense for which maximum sentence is life imprisonment or death;

    ☐  c.   Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

    ☐  d.   any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c

1    if federal jurisdiction were present, or a combination

2    or such offenses;

3  ☐  e.  any felony not otherwise a crime of violence that

4    involves a minor victim or the possession or use of a

5    firearm or destructive device (as defined in 18 U.S.C.

6    § 921), or any other dangerous weapon, or involves a

7    failure to register under 18 U.S.C. § 2250;

8  ☒  f.  serious risk defendant will flee;

9  ☐  g.  serious risk defendant will (obstruct or attempt to

10    obstruct justice) or (threaten, injure, or intimidate

11    prospective witness or juror, or attempt to do so).

12  ☐  6.  Government requests continuance of _____ days for detention

13    hearing under § 3142(f) and based upon the following

14    reason(s):

15

16    _____

17    _____

18    _____

19  //    _____

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

4

1   //

2   //

3   ☐   7.   Good cause for continuance in excess of three days exists in

4          that:

5

6   _____

7   _____

8   _____

9   _____

10  Dated: November 3, 2025          Respectfully submitted,

11                                   BILAL A. ESSAYLI
                                     First Assistant United States
12                                   Attorney

13                                   ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
14                                   Acting Chief, Criminal Division

15

16                                   _____/s/_____
                                     CHRISTOPHER R. JONES
17                                   Assistant United States Attorney

18                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

19

20

21

22

23

24

25

26

27

28